1
2
3
4
5
6
7        IN THE UNITED STATES DISTRICT COURT FOR THE
8                EASTERN DISTRICT OF CALIFORNIA
9
10   FERNANDO MEDINA-HERRERA            )        1:09cv01769 DLB
                                        )
          Plaintiff,                    )
11                                      )
                                        )        ORDER DENYING DEFENDANT'S
12       vs.                            )        MOTION TO REMAND
13                                      )
     MICHAEL J. ASTRUE, Commissioner,   )        (Document 15)
14                                      )
                                        )
15         Defendant.                   )
     _____)
16

        On October 6, 2009, Plaintiff Fernando Medina-Herrera ("Plaintiff") filed this action

challenging the Commissioner's denial of his applications for disability insurance benefits and

supplemental security income.

                                **BACKGROUND**

        On September 24, 2008, Administrative Law Judge ("ALJ") Sharon L. Madsen issued a

decision denying benefits.  The Appeals Council denied review on August 7, 2009.

        Plaintiff initiated this action in October 2009.  After receiving Plaintiff's confidential letter

brief, Defendant sought permission from the Appeals Council to seek remand by this Court.  On May

19, 2010, Defendant obtained such permission and notified Plaintiff's counsel.  Plaintiff's counsel

responded on May 31, 2010, and indicated that the remand must be narrow in scope.  The Appeals

Council would not agree to a limited remand and Plaintiff declined to stipulate to a general remand

                                        1

1  for a de novo hearing and review.

2      Defendant filed the instant motion to remand on June 23, 2010.  Plaintiff opposed the motion

3  on June 24, 2010.

4                                    **DISCUSSION**

5      Section 405(g) of Title 42 of the United States Code provides: "the court shall have the

6  power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or

7  reversing the decision of the Secretary, with or without remanding the cause for a rehearing."  In

8  social security cases, the decision to remand to the Commissioner for further proceedings or simply

9  to award benefits is within the discretion of the court.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th

10 Cir. 1989).  "If additional proceedings can remedy defects in the original administrative proceedings,

11 a social security case should be remanded.  Where, however, a rehearing would simply delay receipt

12 of benefits, reversal and an award of benefits is appropriate."  *Id.* (citation omitted); *see also Varney*

13 *v. Secretary of Health & Human Serv.*, 859 F.2d 1396, 1399 (9th Cir.1988) ("Generally, we direct

14 the award of benefits in cases where no useful purpose would be served by further administrative

15 proceedings, or where the record has been thoroughly developed.").

16     Defendant seeks to remand the action for a de novo hearing and decision.  Defendant

17 contends that such remand is necessary to correct the following errors: (1) the ALJ's failure to

18 explain why she rejected the State Agency physicians' opinions; (2) the ALJ's failure to make a

19 factual finding as to whether Plaintiff had transferrable skills; and (3) the ALJ's misapplication of the

20 Medical-Vocational Guidelines.  On remand, Defendant requests that the ALJ be instructed to "offer

21 Plaintiff a new hearing and the opportunity to present new evidence" and to obtain additional

22 medical evidence from the treating sources.  Motion, at 3.

23     Plaintiff opposes remand for a de novo proceeding, arguing that it seeks to impose on him,

24 without justification, "all the delay and disadvantages of a de novo readjudication while preserving

25 none of the advantages that accompany the present ALJ's decision."  Opposition, at 2.  He requests

26 that the action be remanded for payment of benefits, or alternatively, be remanded solely on the issue

27 of transferability of skills.

28
                                        2

1     As a threshold issue, the Court agrees with Plaintiff that the action need not be remanded for

2   de novo review.  The errors identified by Defendant are legal in nature and the ALJ therefore does

3   not need additional medical evidence to remedy the issues.

4     Similarly, the Court will not simply remand for payment for benefits.  These issues have

5   come before the Court in an unusual procedure manner.  The parties do not agree on the scope of

6   remand, but rather than address the merits of the issues through briefing, Defendant brought this

7   motion.  Although the parties seek a ruling on the scope of remand, the Court cannot make such a

8   ruling without examining the merits of the alleged errors.  Granting a remand for payment of

9   benefits, as Plaintiff requests, would require an analysis of the merits of the underlying issues.

10     In fact, Plaintiff does not even agree that the ALJ erred in her analysis of the State Agency

11   physicians' opinions.  Plaintiff is therefore asking the Court to rule on the merits of certain issues

12   and while he briefed the issues in opposing remand, Defendant did not.  The Court certainly

13   questions why Defendant should be able to deem something an error where the Plaintiff has not

14   contested it, yet the issue cannot be resolved by the Court without proper briefing.

15     The Court is therefore unable to determine the proper scope of remand without additional

16   briefing.  Accordingly, the Court DENIES Defendant's motion to remand.  If the parties cannot reach

17   a stipulation to remand, Plaintiff SHALL file his opening brief within thirty (30) days of the date of

18   service of this order.  The remaining briefing shall follow the schedule set forth in the Scheduling

19   Order.

20     IT IS SO ORDERED.

21     **Dated:   August 18, 2010**                    /s/ **Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28
                                              3